UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MCBRIDE, | Civil Action No. 19-1074 (KM) (MAH) |
| Plaintiff, | |
| | OPINION |
| v. | |
| COUNTY OF ESSEX, | |
| Defendant. | |

## I. INTRODUCTION

This matter having come before the Court by way of Plaintiff Richard McBride's Motion to file a Second Amended Complaint [D.E. 22]. Defendant County of Essex opposes Plaintiff's motion on the basis of futility. *See* Def. Br., D.E. 27, at 5. The Court has considered the parties' submissions and has decided this Motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's Motion is granted.

## II. BACKGROUND

On January 25, 2019, Plaintiff filed a one count Complaint against Defendant County of Essex for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Compl., D.E. 1. Plaintiff, employed as a Captain by the County of Essex, alleged that he had performed work for Defendant for which he had not been paid, including time spent "on call" and time spent working more than 40 hours per week. *Id.*, ¶¶ 6-7. On June 14, 2019, Plaintiff amended his Complaint, adding two counts for violations of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et seq.*, and the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3). Am. Compl., D.E. 9, at 8-12. These new counts stemmed from an allegedly

retaliatory five-day suspension of Plaintiff by Defendant, after Plaintiff filed his initial Complaint. *Id.* Plaintiff's labor union filed a grievance to reverse the five-day suspension of Plaintiff. Prop. Sec. Am. Compl., D.E. 22-3, ¶ 28. At the time Plaintiff filed his Amended Complaint, the parties were waiting to be scheduled for binding arbitration on the grievance. Pl.'s Br. in Supp. of Mot. to Am., D.E. 22, at 4. The parties attended binding arbitration on the grievance on October 29, 2019 and January 27, 2020. Prop. Sec. Am. Compl., D.E. 22-3, ¶ 30. On May 19, 2020, the arbitrator ruled in Plaintiff's favor and ordered Defendant to overturn Plaintiff's suspension, expunge his Internal Affairs file, and reimburse him for the five days' pay he lost. *Id.*, ¶ 31.

On August 28, 2020, Plaintiff filed the instant motion to amend.[1] Motion to Amend, D.E. 22. Plaintiff contends the Amended Complaint must now be amended to reflect the results of the binding arbitration. *Id.* Additionally, Plaintiff maintains that two additional issues that have arisen since the Amended Complaint was filed require a second amendment. First, Plaintiff alleges that he learned during binding arbitration that Sheriff Armando B. Fontoura personally ordered the suspension of Plaintiff, despite the Sheriff previously having executed a written order requiring a disciplinary hearing for any employee facing a suspension of five or more days. Prop. Sec. Am. Compl., D.E. 22-3, ¶ 23. Plaintiff contends that he was not afforded such a hearing. *Id.*, ¶ 24. Second, Plaintiff asserts that since the filing of the Amended Complaint, Sheriff Fontoura and his employees/agents have continued to retaliate against him. *Id.*, ¶ 31. The acts of retaliation include: transfer to a less prestigious assignment, drastic change of his hours, no longer being permitted on-call/standby time or overtime, and denial of the use of a take-home

---

[1] The deadline for filing such a motion as set forth in the June 8, 2020 Amended Pretrial Scheduling Order was August 31, 2020. Am. Sched. Order, June 8, 2020, D.E. 21, ¶ 7.

County vehicle. *Id.* Defendant argues that Counts One, violation of the FLSA, and Two, violation of CEPA, do not state claims for relief that are plausible on their face.[2] Def.'s Br. at 6, 8-14. Accordingly, Defendant argues that permitting the amendment would be futile. Additionally, Defendant maintains that Plaintiff is collaterally estopped from bringing his CEPA claim in light of the binding arbitration. *Id.* at 7.

### III. DISCUSSION

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). Notwithstanding that liberal standard, "[d]enial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).

Futility is assessed by determining whether the proposed amendment can "withstand a renewed motion to dismiss.'" *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). In this analysis, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *City of Cambridge Retirement Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *In re Burlington Coat Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The inquiry is whether the proposed pleading sets forth "enough facts to state a

---

[2] For purposes of this Motion to Amend, Defendant does not take issue with Counts Three or Four, instead reserving its right to later bring a dispositive motion pursuant to Fed. R. Civ. P. 12 (b)(6) or 56. Def. Br. at 15-17.

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). More specifically, the Court's analysis involves three steps:

> First, [the Court] will note the elements of a claim; second, [the Court] will identify allegations that are conclusory and therefore not assumed to be true, and; third, accepting the factual allegations as true, [the Court] will view them and reasonable inferences drawn from them in the light most favorable to [the non-movant] to decide whether they plausibly give rise to an entitlement to relief.

*Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) (internal quotation marks and citations omitted).

The Court will grant Plaintiff leave to file the proposed Second Amended Complaint to include Sheriff Armando B. Fontoura and John Does as Defendants, update his allegations concerning the five-day suspension and the results of the related grievance arbitration, and to add details related to the alleged ongoing acts of retaliation.

### A.  Count One: Violation of FLSA

Defendant contends that Plaintiff's proposed amended FLSA cause of action does not state a plausible claim on its face because it is supported merely by a recitation of the legal elements of such a claim and conclusory statements. Def. Br. at 6. On the other hand, Plaintiff asserts that his allegations in the Second Amended Complaint are not mere legal conclusions but rather, are "plausible allegations of fact that direct to the well-pled count of an FLSA violation." Reply Br. at 7.

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). "Generally, an employer must pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and must pay one and one-half times the employer's

4

regular wage for hours worked in excess of forty hours per week, *id.* § 207." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014). "[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis.*, 765 F.3d at 242 (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). "A plaintiff must connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations concerning a typical forty-hour week include an assertion that the employee worked additional hours during such a week." *Id.* at 243 n.7. "To recover under the FLSA ... [a] [p]laintiff must also establish that the defendant-employer had either actual or constructive knowledge of the plaintiff's overtime work." *Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 848 (D.N.J. 2019) (quotation omitted).

> In his Second Amended Complaint, Plaintiff alleges that
>
> [d]uring the applicable statutory period, Plaintiff performed work for which he was not compensated in accordance with the FLSA. Particularly, Plaintiff worked in excess of the statutory maximum number of hours provided for in the FLSA without receiving compensation for such excess hours at a rate of one and one-half times the regular hourly rate of compensation.

Prop. Sec. Am. Compl., D.E. 22-3, ¶ 37.  Plaintiff further avers

> [i]n addition, during the applicable statutory period, Plaintiff performed "on call" duties, also referred to as "standby time" within the Essex County Sheriff's … Office, by order of the defendant, for which he was entitled to compensation but was not paid.

*Id.,* ¶ 38.  Plaintiff also asserts that Defendant was aware at all relevant times that Plaintiff was entitled to compensation.

The Court is satisfied that Plaintiff states more than legal conclusions in support of his FLSA claim.  To be clear, Plaintiff adequately connects the dots between work performed during

5

his typical forty-hour workweek and work performed outside for which he was not compensated. For example, Plaintiff states he performed work "in excess of the statutory maximum number of hours" and that he performed "on call" duties for which he was not compensated. Moreover, Plaintiff alleges that Defendant knew that Plaintiff performed this work and thus, was entitled to compensation. As such, the Court is satisfied that the aforementioned facts permit the reasonable inference that Defendant violated the FLSA when it knowingly failed to compensate Plaintiff for work he performed in excess overtime and "on call time/standby time." Accordingly, the Court finds that Plaintiff states a FLSA claim for relief that is plausible on its face.

### B.  Count Two: Violation of CEPA

Defendant contends that Plaintiff's CEPA claim is futile for two reasons: Plaintiff is collaterally estopped from bringing his CEPA claim based on the alleged retaliatory five-day suspension as he already raised a retaliatory defense during the union's grievance arbitration and Plaintiff fails to set forth a plausible CEPA claim. Def. Br. at 8-15. Plaintiff maintains that he is not collaterally estopped from bringing his CEPA claim because all of the elements of collateral estoppel are not met here and his CEPA claim is legally sufficient on its face. Reply Br. at 7-13.

With respect to Defendant's assertion that Plaintiff is collaterally estopped from bringing his CEPA claim because it was decided in the grievance procedure, the Court is unpersuaded by Defendant's argument. Both Plaintiff and Defendant rely on the collateral estoppel standard elucidated in *Winters v. North Hudson Reg'l Fire and Rescue*, 212 N.J. 67 (2012), in support of their arguments. The Court in *Winters* determined that "findings made as part of the discipline process will have preclusive impact in later employment-discrimination litigation raising allegations of employer retaliation based on the same transactional set of facts." *Winters*, 212 N.J. at 74. A subsequent action is collaterally estopped if

> (1) the issue to be precluded is identical to the issue decided in the prior

> proceeding; (2) the issue was actually litigated in the prior proceeding;
> (3) the court in the prior proceeding issued a final judgment on the merits;
> (4) the determination of the issue was essential to the final judgment; and
> (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Id.* at 85.

The Court finds that Plaintiff is not collaterally estopped from bringing his CEPA claim based on the alleged retaliatory five-day suspension because the Arbitrator's Award was not a final adjudication on the merits. Rather, the Arbitrator's Award clearly states that "[t]he instant matter is **procedurally defective** because Capt. McBride was denied a hearing as required by Sheriff's Special Order 2018-36…." Certification of Handel T. Destinvil, Esq., Exh. A, Opinion and Award, D.E. 27-2, at 18 (emphasis added) . To be clear, the Arbitrator did not determine that Defendant retaliated against Plaintiff by suspending him for five days. Rather, the Arbitrator found that Defendant had failed to provide Plaintiff with a hearing as required by the Sheriff's Special Order 2018-36. Because all of the *Winters* factors have not been met Plaintiff is not collaterally estopped from pursuing his CEPA claim based on his alleged retaliatory five-day suspension.[3]

Turning to the merits of Plaintiff's CEPA claim, a plaintiff alleging a cause of action pursuant to CEPA must show that:

> (1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy;(2) he or she performed a "whistle-blowing" activity described in [N.J. Stat. Ann. §] 34:19-3c; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the

---

[3] Having already determined that the third *Winters* factor has not been met, the Court need not address whether the other four *Winters* factors have been met. *See, e.g., Mann v. Estate of Meyers*, 61 F.Supp.3d 508, 520 (D.N.J. 2014) (finding that all five *Winters* factors had not been met with respect to at least some of issues in the case and therefore, those issues were not precluded).

whistle-blowing activity and the adverse employment action.

*Myers v. Advanced Stores Company Inc.*, No. 19-18183, 2020 WL 2744632, at *3 (D.N.J. May 27, 2020) (quoting *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003)). "The object of CEPA is not to make lawyers out of conscientious employees but rather to prevent retaliation against those employees who object to employer conduct that they reasonably believe unlawful or indisputably dangerous to the public health, safety or welfare." *Mehlman v. Mobil Oil Corp.*, 153 N.J. 163, 193–94 (1998). "Retaliation is not limited to a single discrete action, but may include many separate but relatively minor instances of behavior directed against an employee that may not be actionable individually but that combine to make up a pattern of retaliatory conduct." *Donelson v. DuPont Chambers Works*, 412 N.J. Super. 17, 29 (App. Div. 2010), rev'd, 206 N.J. 243 (2011).

Defendant argues that Plaintiff fails to credibly allege how Defendant's alleged retaliatory conduct was sufficiently pervasive and egregious to constitute an adverse employment action actionable under CEPA. Def. Br. at 8. Specifically, Defendant maintains that Plaintiff's CEPA claim with respect to the five-day suspension is now moot because the suspension was rescinded as a result of the Arbitrator's Award, Plaintiff's CEPA claim with respect to loss of overtime pay is at odds with his overtime records, which Defendant attaches to its opposition, and Plaintiff's CEPA claim with respect to the take home vehicle fails to demonstrate any change in the terms of Plaintiff's employment. *Id.* at 9-15. Plaintiff contends that his CEPA claim is not futile because the five-day suspension is not the only act of retaliation giving rise to his CEPA claim, and in any event, simply because the suspension was rescinded does not mean that he has been made whole. Reply Br. at 10. Plaintiff maintains that the totality of the circumstances surrounding the alleged ongoing retaliation support his CEPA claim. *Id.* at 10-11

8

(relying on *Maimone v. City of Atlantic City*, 188 N.J. 221 (2006)).  Plaintiff also avers that the overtime records supplied by Defendant actually support his claim because they demonstrate that overtime was not regularly offered to him and was only offered as a result of the pandemic.  *Id.* at 12-13.  Finally, with respect to the take-home vehicle, Plaintiff argues that he has plausibly stated a prima facie CEPA claim by alleging that this is a perk afforded other officers of the same rank but has been denied to him as an act of retaliation.  *Id.* at 13.

In the proposed Second Amended Complaint, Plaintiff alleges the following in support of his CEPA claim:

> 31. In addition to the above, since Plaintiff McBride filed the within lawsuit, Defendants continue to retaliate against Plaintiff McBride. Examples of this retaliation include, but are not limited to, the following:
>
>> a.  Plaintiff McBride is a certified bomb technician. However, Defendants no longer allow him to work in that capacity. Instead, without explanation, Defendants transferred Plaintiff out of the K-9/Bomb Disposal Unit, into the Bureau of Criminal Identification ("BCI"), which resulted in a significant change to Plaintiff's work schedule, as well as a significant loss of income to Plaintiff, since BCI offers neither an on-call/standby schedule, nor overtime, both of which are available at the K-9/Bomb Disposal Unit. Moreover, Defendants transferred Plaintiff to BCI *after* the yearly promulgation of the "weekend schedule", wherein all sworn officers have the opportunity to sign up for weekend overtime. Plaintiff McBride, who was on-call regularly on the weekends in the K-9/Bomb Disposal Unit, was unable to sign up for "weekend duty" as a result. His transfer to BCI denies him on-call/standby and overtime as a bomb technician, and the timing of his transfer denies him the ability to work "weekend duty", thereby denying him overtime again.
>>
>> b.  Defendants' removal of Plaintiff from the K-9/Bomb Disposal Unit left the Unit short a bomb technician. Defendants hired a *civilian* to work as a bomb technician, to fill the vacancy.
>>
>> c.  Defendants assigned a take-home County vehicle to Plaintiff's co-captain in BCI, while simultaneously forbidding Plaintiff from utilizing a take-home vehicle, even though Plaintiff and his co-captain have the same job duties and Plaintiff has significantly more sen[i]ority.

Prop. Sec. Am. Compl., D.E. 22-3, ¶ 31.  The Court finds that Plaintiff's alleged facts are sufficient to state a CEPA claim for relief that is plausible on its face.  Plaintiff alleges that he

filed the instant action because he reasonably believed that Defendant's conduct in failing to pay overtime was violating the FLSA and that as a result of this whistle-blowing activity he has been retaliated against by means of the adverse employment actions listed in paragraph 31 of the proposed Second Amended Complaint.  *See*, *generally*, Prop. Sec. Am. Compl., D.E. 22-3.  In addition to the five-day suspension, Plaintiff contends that Defendant retaliated against him by transferring him, changing his work schedule, denying him overtime compensation, hiring a civilian to replace him in his previously assigned unit, and denying him use of a take-home vehicle.  *Id.*, ¶ 31.  Plaintiff also asserts that he sustained a substantial loss of income.  *Id.*  Even if each of these alleged adverse employment actions alone are insufficient to state a CEPA claim, the combination of these actions is certainly enough to support a CEPA claim.  *See Maimone*, 188 N.J. at 236-37 ("[T]his alleged reduction in compensation and loss of other benefits as a result of plaintiff's transfer from his detective position to patrol duty could support a finding that he suffered an 'adverse employment action.'"); *see also Nardello v. Township of Voorhees*, 377 N.J. Super. 428, 435 (App. Div. 2005) (finding that even though Plaintiff had not been discharged, suspended or demoted, a jury could find that he had suffered a series of adverse employment actions by his employer because the employer withdrew certain benefits from Plaintiff previously provided).  These allegations, accepted as true for purposes of this motion to amend, plausibly allege facts sufficient to state a CEPA claim.  While the United States Supreme Court has made clear that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient to state a claim upon which relief may be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court finds that Plaintiff's allegations in support of his CEPA claim go well beyond what is required.

The Court now turns to Defendant's argument that Plaintiff's overtime records demonstrate that he was compensated for more overtime hours in 2020 than in 2019, and thus cannot state a CEPA claim based on a denial of overtime. Assuming for purposes of this motion that the overtime records are public records that can be considered by this Court on a motion to amend, see *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), Defendant's argument that these records demonstrate that Plaintiff was not denied overtime is nonetheless unavailing. Defendant seems to argue not that Plaintiff sets forth insufficient facts to support a CEPA claim, but rather, that either Plaintiff's allegations are simply not true or the actions Plaintiff complains of simply were not adverse employment actions. Essentially, Defendant calls on this Court to make factual determinations with respect to Plaintiff's CEPA claim. Whether the overtime records submitted by Defendant demonstrate that Plaintiff was compensated for more overtime hours in 2020 than in 2019, and thus, cannot "constitute an alleged retaliatory curtailment of overtime opportunities," is a question of fact not appropriate for this Court's consideration on the record before it. Similarly, whether other officers of Plaintiff's rank were routinely provided the perk of a take-home vehicle while Plaintiff was not as a form of retaliation is another question of fact which this Court cannot reach on a motion to amend. All of these determinations require inquiry into issues of fact, which cannot be resolved in the context of a motion to amend. *See Sweda*, 923 F.3d at 326 (on a motion to amend, a court accepts the factual allegations as true). Accordingly, the Court will permit Plaintiff to file the proposed Second Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Richard McBride's Motion to file a Second Amended Complaint [D.E. 22] is granted. An appropriate Order will issue.

**s/Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: November 19, 2020**